

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2005

# Cole v. Exxon Mobil Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2628

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Cole v. Exxon Mobil Corp" (2005). *2005 Decisions.* Paper 822.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/822

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2628

JEAN COLE,
                    Appellant
v.

EXXON MOBILE CORPORATION; KATHERINE COCHRANE,
in her official and individual capacities; DOUGLAS PROOPS,
in his individual and official capacities; HELEN MAHR,
in her individual and official capacities,

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 02-cv-01617 )
District Judge:   Honorable Dennis M. Cavanaugh

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 15, 2005
Before:   SLOVITER, McKEE and WEIS, Circuit Judges.

(Filed: July 19, 2005)

_____

OPINION

_____

WEIS, Circuit Judge.

         Plaintiff is a former employee of the Exxon Mobile Corporation who

contends her termination from employment violated the Family Medical Leave Act, 29

1

U.S.C. §§ 2601–2654, the New Jersey Law Against Discrimination, N.J. Stat. Ann. §§ 10:5-1–10:5-49 (West 2002), and other state law provisions. The District Court granted summary judgment for the employer. We will affirm.

The facts are well known to the parties and need not be repeated in detail here. Instead, we will briefly summarize the salient information.

As the District Court noted in its memorandum, the material facts are undisputed. In the period of more than one year before her termination, the plaintiff's work was adversely affected by alcoholism. In accordance with Exxon Mobil's alcohol and drug policy, she attended a number of rehabilitation treatment sessions between late November 1999 and her termination on March 6, 2000, but did not comply with the company's requirement for completion of those programs. After warnings proved insufficient, the plaintiff's employment was terminated.

The District Court's memorandum reviewed the plaintiff's conduct during the period in question in some detail, and concluded that plaintiff was not entitled to relief under the New Jersey Law Against Discrimination because she failed to meet her employer's "legitimate expectations." Plaintiff repeatedly imbibed alcohol while on the job as well as on leave and acted in violation of company policy by failing to remain in, and comply with, rehabilitation treatment programs and "continuously drinking." The employer's provision for treatment of the plaintiff's problem was a reasonable accommodation.

2

The District Court also concluded that plaintiff did not establish a state constitutional violation or a claim for intentional infliction of emotional distress. Finally, the Court concluded that there had been no violation of the Family and Medical Leave Act, pointing out that under 29 C.F.R. § 825.114(d) "absence because of the employee's use of the substance rather than for treatment does not qualify for FMLA leave." Moreover, under 29 C.F.R. § 825.112(g) "treatment for substance abuse does not prevent an employer from taking employment action against an employee . . . an employee may be terminated for substance abuse, pursuant to [an established policy] . . . whether or not the employee is presently taking FMLA leave." Consequently, the plaintiff's challenge to the termination based on the FMLA was rejected.

On appeal, plaintiff contends that the company's policy was not neutral because it applied only to alcoholics, a class of individuals who, she contends, are apt to relapse. The plaintiff's argument is untenable because the policy was tailored specifically to the needs of alcoholics and its provisions for after-care reflect a recognition that relapses can be a problem. Also, the policy was neutral in that it applied to all alcoholics. The fact that it did not apply to other forms of disability does not make it unlawfully discriminatory.

We find no error in the District Court's resolution of the case and, essentially for the reasons stated in its memorandum, the judgment of the District Court will be affirmed.

3